# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JANE SVOBODA, <br><br> Plaintiff, <br><br> vs. <br><br> LITOW LAW OFFICE, P.C.; <br> CHARLES L. LITOW, <br><br> Defendants. | No. C05-0117 <br><br> **ORDER** |

This matter comes before the court pursuant to Defendants' Litow Law Office and Charles Litow's September 8, 2005 motion for more definite statement and motion to strike (docket number 4). For the reasons set forth below, the defendants' motion is granted.

The plaintiff in this matter, Jane Svoboda, is suing the defendants Litow Law Office and Charles Litow, concerning the defendants' debt collection efforts. The defendants filed the instant motion for more a definite statement as to the plaintiff's second cause of action, and to strike all attachments to the plaintiff's complaint.

In support of their motion, the defendants first assert that in the plaintiff's second cause of action, she has "set forth no facts to suggest how she was damaged," and accordingly, the defendants have no way to properly respond. Fed. R. Civ. P. 12(e) provides, in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the court . . . the court may strike the pleading to which the motion was directed or make such order as it deems just.

The defendants' motion for a more definite statement is granted. The pro-se complaint includes no concise statement of facts showing entitlement to relief. Accordingly, the plaintiff shall file an amended complaint containing a concise statement of facts indicating that the plaintiff is entitled to relief. While it appears that the plaintiff's second cause of action alleges that the defendants have violated her right of due process by shortening the time-frame within which the plaintiff could respond to the debt collector's requests, the plaintiff's claim in her second cause of action is so unclear that the defendants cannot appropriately respond. Further, the complaint includes no factual basis upon which the court, and the defendants, could properly understand the plaintiff's claim.[1]

The defendants next assert that the attachments to the plaintiff's complaint are not appropriate documents for the court's consideration at this stage of litigation, and accordingly the attachments should be stricken "as immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f) provides, in relevant part:

> Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The plaintiff's attachment to the complaint consists of an affidavit by the plaintiff, a copy of the "Overview of the Fair Debt Collections Practices Act," of which certain sections have been underlined presumably for emphasis, a letter from the plaintiff to Defendant Litow, and a letter in response from Defendant Litow to the plaintiff. The court finds that these documents are both immaterial and impertinent to the plaintiff's complaint, and accordingly, they are stricken pursuant to Fed. R. Civ. P. 12(f).

---

[1] The court also notes that it appears that there may be pending litigation in this matter, concerning the defendants' claim against the plaintiff for debt collection, and accordingly, the plaintiff shall clarify for the court whether there is such pending litigation.

Upon the foregoing,

IT IS ORDERED that the defendants' motions for a more definite statement as to the plaintiff's second cause of action and to strike all attachments to the complaint (docket number 4) are granted. The plaintiff shall file an amended complaint in compliance with Fed. R. Civ. P. 12(e) and in accordance with this Order within 10 days of the date of this Order.[2]

September 15, 2005.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[2] The plaintiff should take notice that pursuant to Fed. R. Civ. P. 12(e), if the plaintiff fails to file an amended complaint in compliance with Fed. R. Civ. P. 12(e) and this Order within the specified time frame, the court will strike the plaintiff's complaint.